966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard L. JOHNSON, Petitioner-Appellant,
v.
Raymond G. TOOMBS, Warden, Respondent-Appellee.
 Nos. 91-2319, 92-1020.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1992.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard Lee Johnson appeals a district court judgment dismissing his petition for writ of habeas corpus. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Johnson's claims arise out of several convictions in state court. In 1973, Johnson was convicted of carnal knowledge of a female over sixteen and placed on five years probation. In 1974, Johnson was convicted of a misdemeanor assault and battery charge and sentenced to ninety days imprisonment. While incarcerated on the misdemeanor assault conviction, his probation for the carnal knowledge conviction was revoked and he was given a six year and eight months to ten year sentence. This sentence was subsequently reduced to a term of three years and four months to five years. In 1976, Johnson was convicted of assaulting a prison food service worker and sentenced to six years and eight months to ten years imprisonment to be served consecutively with the probation violation sentence.
 
 
 3
 Johnson did not appeal the original carnal knowledge conviction. However, following the probation revocation, he appealed and the Michigan Court of Appeals ordered that a probation violation hearing be held. The hearing was subsequently held and Johnson was sentenced to time served from 1973-1977. Johnson then appealed this probation violation conviction again to the Michigan Court of Appeals, which affirmed the conviction. He did not appeal to the Michigan Supreme Court.
 
 
 4
 Johnson also appealed the conviction for assaulting a prison food service worker. On appeal, the sole issue he raised was that the prosecution failed to use due diligence to locate res gestae witnesses. The Michigan Court of Appeals remanded the case for an evidentiary hearing. Following the hearing, Johnson again appealed to the Michigan Court of Appeals, which affirmed his conviction. The Michigan Supreme Court denied his request for further review.
 
 
 5
 In his habeas petition, Johnson alleged that: 1) his incarceration for violating probation was contrary to state law because the probation violation hearing was not held within one hundred and eighty days; 2) because Johnson was falsely arrested and imprisoned for the probation violation, all of the evidence that was presented at his trial should have been excluded as fruit of a poisonous tree; 3) the judges, prosecutors and attorneys who have been involved in Johnson's case over the years are involved in a conspiracy to deprive him of his civil rights; 4) Johnson was denied the effective assistance of trial and appellate counsel because his attorneys failed to do anything about his improper conviction and presented only frivolous issues to the courts on his behalf. Over Johnson's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the case. Johnson has filed two appeals, which have been consolidated. In his brief, he requests the appointment of counsel.
 
 
 6
 Initially, we note that in Case No. 92-1020, Johnson's notice of appeal was filed more than thirty days after the entry of the district court's judgment. Consequently, this appeal is untimely pursuant to Fed.R.App.P. 4(a), and, hence the court lacks jurisdiction to review this appeal. However, the appeal filed in Case No. 91-2319 is timely and properly before the court.
 
 
 7
 Upon review, we affirm the district court's judgment. Johnson received fundamentally fair proceedings in the state courts and is not entitled to habeas relief. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 8
 Accordingly, we deny Johnson's request for counsel, dismiss the appeal docketed under Case No. 92-1020 for lack of jurisdiction, and, in Case No. 91-2319, affirm the district court's judgment for the reasons set forth in the magistrate judge's report and recommendation filed on September 26, 1991, as adopted by the district court in its order filed on October 11, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.